UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EXERTRON L.L.C., )
 )
 Plaintiff, )
 )
 vs. ) No. 4:07-CV-285 (CEJ)
 )
M.I.K.E. BIOMECHANICAL SYSTEMS, )
B.V., )
 )
 Defendant. )

**MEMORANDUM & ORDER**

This matter is before the Court on plaintiff's motion [#5] for an order allowing plaintiff to serve process on defendant through publication.

Plaintiff's filed this matter on February 8, 2007, alleging unfair trade practices and that defendant infringed and diluted plaintiff's "Exertron" trademark by using such mark on defendant's website. Plaintiff is a Missouri limited liability company while defendant is a Netherlands corporation having its principal place of business in Orlando, Florida.

Under Fed. R. Civ. P. 4(m), plaintiff is required to serve defendant by June 8, 2007. Plaintiff states that, despite numerous attempts to effectuate personal service of process on defendant's corporate officer, Michael J. Amann, plaintiff's special process server was unable to do so. Plaintiff seeks to obtain service of process on defendant by publishing a notice in the St. Louis Post-Dispatch, pursuant to Fed. R. Civ. P. (4)(e)(1) and Mo. Rev. Stat. § 506.160.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Under Fed. R. Civ. P. 4(h), service upon a corporation may be effected in the manner prescribed for service upon an individual under Fed. R. Civ. P. 4(e)(1). Under that subdivision, service may be made "pursuant to the law of the state in which the district court is located." Fed. R. Civ. P. 4(e)(1). Therefore, plaintiff may effectuate service in any manner specified by Missouri law.

Under Missouri law, service by publication is "allowed in all cases affecting a fund, will, trust estate, specific property, or any interest therein, or any res or status within the jurisdiction of the court." Mo. Rev. Stat. § 506.160(1). However, "service by publication will not support an in personam judgment unless the party sought to be subjected thereto has otherwise voluntarily entered his appearance. Bueneman v. Zykan, 52 S.W.3d 49, 58 (Mo. App. E.D. 2001). Therefore, a monetary judgment against a defendant served by publication is not permissible. Id.

In the Court's view, this statute is not applicable to the current matter. While the Court acknowledges that a trademark is a type of property interest, this action is brought to recover damages for the infringement of that property interest. This is distinguishable from the type of cases where this statute has typically been applied, such as in cases where a party seeks to quiet title to property physically located within the jurisdiction of the court. The Court does not believe that plaintiff's trademark interest can similarly be said to be "within the jurisdiction of the court", and plaintiff has not cited to any authority to suggest otherwise. Given that any statute allowing

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

service by publication must be strictly construed, see Skalecki v. Small, 832 S.W.2d 954, 956 (Mo. App. S.D. 1992), the Court declines to read Mo. Rev. Stat. § 506.160 so as to permit such service in this case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion [#5] for an order allowing plaintiff to serve process on defendant through publication is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of May, 2007.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com