UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EXERTRON L.L.C., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 4:07-CV-285 (CEJ) ) |
| M.I.K.E. BIOMECHANICAL SYSTEMS, B.V., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

This matter is before the Court on plaintiff's motion to suspend or extend the time limit under Fed. R. Civ. P. 4(m) for service on defendant. Plaintiff brought this action on February 8, 2007, alleging that defendant, a Netherlands corporation with its principal place of business in Florida, infringed and diluted plaintiff's "Exertron" trademark by using the mark on its website. Under Fed. R. Civ. P. 4(m), service on defendant was to be executed no later than June 8, 2007.

On May 9, 2007, plaintiff filed a motion for leave to serve defendant via publication. Plaintiff claimed that it had been unsuccessful in its attempts to personally serve Michael Amann, defendant's corporate officer, at his last known address in Florida. On May 29, 2007, the Court denied plaintiff's motion to serve defendant by publication.

Plaintiff then filed this motion on June 5, 2007, three days before the time period under Rule 4(m) would expire. Plaintiff seeks suspension of the time limit for service, stating that service would now be attempted pursuant to Fed. R. Civ. P. 4(f) and the Hague Convention, for which the Rule 4(m) time limit is inapplicable.

Alternatively, plaintiff asks that the Court extend the time limit for an additional ninety days.

The Court sees no reason to suspend the time limit under Rule 4(m). The rule clearly states that it "does not apply to service in a foreign country pursuant to subdivision (f)." Fed. R. Civ. P. 4(m). Therefore, if plaintiff will indeed attempt service in a foreign country under Fed. R. Civ. P. 4(f), the time limit under Rule 4(m) is inapplicable. Suspension of rule would therefore be unnecessary.

The Court notes that plaintiff has recently filed a notice of private process, indicating that it will re-attempt service at defendant's Florida address. Under these circumstances, the time limit under Rule 4(m) would still apply. However, the Court agrees that good cause exists to support an extension of time to serve defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to suspend or extend the time limit under Fed. R. Civ. 4(m) [Doc. # 7] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the time limit for service upon defendant, under Fed. R. Civ. P. 4(m), is extended by sixty days.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 13th day of June, 2007.