UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

```
EXERTRON, L.L.C.,                )
                                 )
          Plaintiff,             )
                                 )
     vs.                         )    No. 4:07-CV-285 (CEJ)
                                 )
M.I.K.E. BIOMECHANICAL SYSTEMS,  )
B.V.,                            )
                                 )
          Defendant.             )
```

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for default judgment against defendant M.I.K.E. Biomechanical Systems, B.V. ("M.I.K.E."), pursuant to Rule 55(b)(2), Fed.R.Civ.P. The summons and a copy of the complaint were served on defendant, through its President, Michael Amann, on August 1, 2007. On August 20, 2007, the Court received a document from Mr. Amann, attempting to file an answer *pro se* in this matter. Noting that corporate defendants are not allowed to proceed on a *pro se* basis, the Court rejected the proposed answer and allowed defendant until September 25, 2007, to properly respond to the complaint. To date, defendant has not filed an answer or responsive pleading, and has not sought additional time in which to do so. Upon plaintiffs' motion, the Clerk of Court entered default against defendant on November 2, 2007.

In its complaint, plaintiff alleges that defendant is improperly using plaintiff's EXERTRON mark in violation of the Lanham Act and state law trademark and unfair competition protections. Plaintiff is the owner of U.S. Trademark Registration No. 1773722, which incorporates the EXERTRON mark in connection with certain exercise equipment. Defendant operates a website offering various exercise

and weight training equipment.  Defendant is not associated with plaintiff.  Defendant's website displays the EXERTRON mark extensively, and defendant uses the mark in connection with its own literature and products.  Plaintiff seeks an injunction requiring defendant to cease its use of the EXERTRON mark and requests an unspecified amount of damages and attorneys' fees.

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002).  Whether to grant default judgment is a separate question within the discretion of the Court.  See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996).  In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 n.7 (8th Cir. 1988).

After reviewing the record and the uncontested allegations of the complaint, the Court concludes that plaintiff is entitled to default judgment on each count.  Plaintiff has raised sufficient factual allegations in the complaint to establish that defendant has infringed the EXERTRON mark established and used by plaintiff, in violation of §32 of the Lanham Act, 15 U.S.C. § 1114.  The Court also finds that defendant's use of the EXERTRON mark on its website is likely to cause confusion as to the origin of defendant's products and misrepresents the quality and nature of those products in violation of §43(a) of the Lanham Act, 15 U.S.C. §1125(a). Plaintiff

is also entitled to default judgment on his claim that defendant's use of plaintiff's mark constitutes trademark dilution under 15 U.S.C. §1125(c). Finally, the Court finds that plaintiff has pled sufficient allegations to support his state law claims for trademark infringement, dilution, and unfair competition.

Plaintiff seeks injunctive relief under 15 U.S.C. §1116, which allows the Court to grant an injunction preventing the continued violation of plaintiff's trademark rights. In addition, plaintiff seeks recovery of its actual damages, defendant's profits, and costs of the action pursuant to 15 U.S.C. §1117(a). Plaintiff also requests damages under §1117(b), which provides for a recovery of three times defendant's profits or plaintiff's damages, whichever is greater, upon a showing that defendant's use of the counterfeit mark was intentional. Finally, plaintiff seeks attorneys' fees under §1117.

At this time, the Court is unable to make a determination as to the amount of damages or attorneys' fees which should appropriately be included in the default judgment. First, the Court notes that plaintiff has not submitted any documentation detailing the amount of costs and attorneys' fees incurred in this matter. Further, the Court has no information regarding plaintiff's actual damages or defendant's profits. Under Fed. R. Civ. P. 55(b)(2), "[i]f, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages...the Court may conduct such hearings or order such references as it deems necessary and proper." Fed. R. Civ. P.55(b)(2). The Court concludes that, in order to enable it to enter

judgment in this case, it is necessary to order an accounting of all profits wrongfully derived by defendant through its infringing use of the EXERTRON mark as described above. The Court will enter judgment in accordance with this memorandum following its receipt of the necessary information regarding damages.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for default judgment against defendant M.I.K.E. Biomechanical Systems, B.V. [#15] is **granted**.

**IT IS FURTHER ORDERED** that defendant M.I.K.E. Biomechanical Systems, B.V., shall, not later than **January 11, 2008**, produce to plaintiff, or allow for inspection by plaintiff, all financial records concerning the sales of defendant's products advertised or associated with the EXERTRON mark.

**IT IS FURTHER ORDERED** that plaintiff shall, not later than **February 8, 2008**, file further evidence in support of its requests for damages.

**IT IS FURTHER ORDERED** that the Clerk of Court shall forward a copy of this order to defendant at the following address:

> M.I.K.E. Biomechanical Systems, BV
> c/o Michael J. Amann, President
> 4105 Tall Tree Drive
> Orlando, Florida 32810

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2008.